UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MERVIN G. RHODES,

        Plaintiff,

v.                                          Case No. 3:20-cv-665-J-39MCR

CITY OF JACKSONVILLE,
FLORIDA, et al.,

        Defendants.
_____

**ORDER**

Plaintiff, an inmate of the Florida penal system, is proceeding on a pro se civil rights complaint against the City of Jacksonville and three unnamed individuals for the alleged taking of his property without just compensation (Doc. 1). Before the Court is Plaintiff's "Request for Immediate Restraint from Officials at Hamilton Correctional Inst[itution] or Preliminary Injunction" (Doc. 16; Motion).[1] In the motion, Plaintiff complains that prison officials are inhibiting his access to the courts and threatening him.[2] See Motion at 2-3. He asserts an officer in the mail room refused to mail documents to the Attorney

---

[1] Plaintiff filed the same motion in a habeas action he has pending before this Court, Case No. 3:20-cv-19-J-34MCR.

[2] In light of Plaintiff's allegations, the Court issued the Amended Standing Order Notifying Institution Regarding Inmate Claim of Suicidal Intent or other Imminent Physical Harm (Doc. 17).

General and threatened him in 2019. Id. at 1. More recently, on November 16, 2020, Plaintiff was denied time in the law library and sent to disciplinary confinement, allegedly because he requested grievances to complain that the officer assigned to take inmates to their scheduled call-outs for library time fell asleep. Id. at 2. As relief, Plaintiff seeks immediate restraint, transfer, or separation from officers at Hamilton Correctional Institution. Id. at 5.

Injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, "is an 'extraordinary and drastic remedy,' and [the movant] bears the 'burden of persuasion.'" Wreal, LLC v. Amazon.com, Inc., 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000)). To demonstrate entitlement to injunctive relief, a movant must show the following four prerequisites:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.

Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005). With respect to the second prerequisite, "the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" Siegel, 234 F.3d at 1176. Moreover, the request for injunctive relief must be related to the claims raised in the operative complaint. See Kaimowitz v. Orlando, Fla., 122

F.3d 41, 43 (11th Cir. 1997), opinion amended on reh'g, 131 F.3d 950 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit.").

Plaintiff fails to carry his burden demonstrating injunctive relief is warranted. He asserts no facts suggesting he will suffer irreparable injury if an injunction does not issue, and his request for relief against officials at Hamilton Correctional Institution is not related to the underlying civil rights action pending against the City of Jacksonville. Additionally, district courts generally will not interfere in matters of prison administration, including an inmate's custody status or location of confinement. See McKune v. Lile, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."). Finally, Plaintiff fails to comply with this Court's Local Rules, which require that a motion for injunctive relief be supported by a verified complaint or affidavits showing the movant is threatened with irreparable injury, describe precisely the conduct sought to be enjoined, and include a supporting memorandum of law. See M.D. Fla. R. 4.05(b)(1)-(4), 4.06.

If Plaintiff believes officials at his correctional institution have violated his constitutional rights, he should know the Court has approved the use of a civil rights complaint form for cases filed by prisoners pursuant to 42 U.S.C. §

1983. The form requires a plaintiff to include detailed information regarding the defendants he intends to sue, the plaintiff's litigation history, a statement of the plaintiff's claims and facts, and the relief the plaintiff requests. If Plaintiff chooses to file a civil rights complaint, he should do so on the proper form, submit a copy of the form for each defendant, and submit the filing fee or request to proceed as a pauper.

Accordingly, it is

**ORDERED:**

1.  Plaintiff's Motion (Doc. 16) is **DENIED**.

2.  The **Clerk** shall send Plaintiff a civil rights complaint form and an affidavit of indigency form.

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of November 2020.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:   Mervin G. Rhodes